IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| A.G.A. ISLAMIC ORGANIZATION, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF LILBURN, GEORGIA<br>a Municipal Corporation of the State of Georgia, et al.,<br><br>    Defendants. | CIVIL ACTION FILE<br>NO. 1:09-CV-3549-TWT |

ORDER

This is a civil rights action. It is before the Court on the Defendants' Motion in Limine [Doc. 70], which is GRANTED in part and DENIED in part.

I. Introduction

The Dar-e-Abbas Shia Islamic Center is located on 1.3 acres of property in Lilburn, Georgia. The property is currently zoned as C-1, or neighborhood business. In September 2008, A.G.A. decided to expand the Islamic Center to better accommodate its growing congregation. A.G.A. representatives met with City officials to discuss expanding onto an adjacent lot. Together, the properties totaled 3.54 acres. The City informed A.G.A. that the adjacent property was partially zoned

as R-100 and would need to be rezoned before A.G.A. expanded its facilities. Shortly thereafter, the Lilburn City Council amended the City Zoning Ordinance to require a five-acre minimum lot size for religious institutions in C-1, C-2, and C-3 zoning districts. In response, A.G.A. canceled its contract to purchase the original property and located a larger, 6.6-acre property adjacent to the Islamic Center. The new property was zoned as R-100. In September 2009, A.G.A. petitioned the City to rezone the 7.9 acres from C-1 and R-100 to RA-200. It also filed an application for a special use permit to construct an expanded worship center with a gymnasium and a cemetery. On November 18, 2009, the City Council voted to deny the applications. One month later, A.G.A. filed this lawsuit.

In June 2010, about six months after this litigation began, the City repealed the five-acre requirement. The following November, the City amended the Zoning Ordinance the effect of which would allow a cemetery within walking distance of the Dar-e-Abbas Shia Islamic Center. Based on the amended zoning ordinance, A.G.A. submitted a revised site plan for a religious facility on 4.05 acres of property without a gymnasium or a cemetery. The Planning Commission and the City Council publicly considered and rejected the amended application.

The City now moves to exclude the following evidence:

- Plaintiff's Amended Initial Disclosure of Expert Witness Donald McFarland, Doc. 44, p. 4, First Full Paragraph;

- Affidavit of Syed Anwar Jamshed, Doc. 55-3, ¶¶ 4, 10-13, 15-20, 27, 29-34, 36, 37;

- Revised Site Plan and Associated Materials and City Proceedings, Doc. 55-7;

- Affidavit of Syed Wasi Hyder Zaidi, Doc. 55-10, ¶¶ 3-4, 11, 14, 16-32;

- Affidavit of Donald R. McFarland, Doc. 55-11, ¶¶ 9-14; and

- Response of Doug Stacks to Mr. Owens regarding Concerns Pertaining to Revised Site Plan, Doc. 55-12.

These materials fall into four categories (1) materials relating to the revised site plan, (2) materials using the term "Imambargah," (3) materials pertaining to alleged religious burdens based on A.G.A.'s inadequate facilities, and (4) opinion testimony of Syed Anwar Jamshed, the president of A.G.A. The Court addresses each category in turn.

## II.  Discussion

### A.  Materials Pertaining to the Revised Site Plan

The City moves to exclude all materials pertaining to the revised site plan and amended rezoning application. It argues that these materials are irrelevant and unfairly prejudicial. The Court disagrees. The City appears to argue that it denied the application in large part based on A.G.A.'s request to build a cemetery on the site. (See Defs.' Mot. for Summ. J. at 11-12) ("At most, the City's decision only denied

A.G.A. the ability to construct a cemetery on the same site as the Dar-E-Abbas Mosque. Standing alone, the City's decision to enforce the current zoning prohibiting this use is not evidence of religious discrimination."). The fact that the City rejected an amended application that did not include a cemetery is highly relevant in assessing this argument. Moreover, while these materials may be unfavorable to the City's position, they are not unfairly prejudicial.

The City also argues that materials pertaining to the revised site plan should be excluded under Rule 408 because they are related to settlement negotiations. However, the December 13 hearing on A.G.A.'s amended application does not fall within the scope of Rule 408. Although settlement negotiations between the parties leading up to the hearing may be subject to exclusion under Rule 408, the public hearing itself does not constitute a settlement negotiation. Accordingly, the City's Motion in Limine is denied with respect to these materials. The Court grants leave to amend the Plaintiff's Complaint to allow inclusion of the events related to the revised site plan.

B.  <u>Materials Pertaining to an Imambargah</u>

The City also moves to exclude certain paragraphs in the Jamshed and Zaidi Affidavits [Docs. 55-3, 55-10] that contain the term "Imambargah." According to A.G.A., although the term "mosque" is commonly used to refer to an Islamic Worship

Center, the Dar-e-Abbas Shia Islamic Center is more accurately called an "Imambargah." (Pl.'s Mot. for Summ. J. at 5.) The City argues that statements containing the term "Imambargah" are irrelevant and misleading because the Complaint uses the term "mosque" not "Imambargah." The Court fails to see how this is the case. Accordingly, the City's Motion in Limine is denied with respect to these materials.

### C. Materials Pertaining to Alleged Religious Burdens Based on A.G.A.'s Inadequate Facilities

The City also moves to exclude certain paragraphs in the Jamshed and Zaidi Affidavits [Docs. 55-3, 55-10] that describe the specific religious burdens imposed by A.G.A.'s current facilities. The City argues that this evidence is unfairly prejudicial because A.G.A. did not disclose information about the specific burdens associated with inadequate space until it filed the Jamshed and Zaidi Affidavits. The Court disagrees. The City had the opportunity to discover this information and failed to do so. For example, it served twenty-one interrogatories on A.G.A. but requested no information about the specific burdens imposed by inadequate facilities. The City also deposed both Jamshed and Zaidi during discovery and did not ask a single question on the issue of substantial burden. The City also says that parts of Jamshed and Zaidi's testimony on this topic are misleading because they contradict other evidence in the case. However, this is not grounds to exclude relevant testimony under Rule

403. Accordingly, the City's Motion in Limine is denied with respect to these materials.

### D.  Paragraph 10 of Jamshed Affidavit

Finally, the City moves to exclude paragraph 10 of the Jamshed Affidavit, which reads, "Plaintiff believes that the City enacted the Five Acre Requirement to prohibit the proposed expansion of Dar-e-Abbas Islamic Center." (Jamshed Affidavit ¶ 10.) The City says that Jamshed's opinion should be excluded because it is not based on personal knowledge. The Court agrees. Jamshed, as president of A.G.A., is not in a position to speculate on the City's intent in passing the five-acre requirement. See Freeman v. City of Mobile, 146 F.3d 1292, 1305 n.5 (Kravitch, J., concurring) (11th Cir. 1998) ("Not only is ex post opinion testimony inadmissible to establish the intent of a legislative body, but also Richardson was not even a member of the Personnel Board and thus is in no position to speculate on the Board's intention."). Accordingly, the City's Motion in Limine is granted with respect to paragraph 10 of the Jamshed Affidavit.

### III.  Conclusion

For the reasons stated above, the Defendants' Motion in Limine [Doc. 70] is GRANTED in part and DENIED in part.

SO ORDERED, this 29 day of June, 2011.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge